**Deborah WOOD, Plaintiff—Appellant,**

v.

**GCC BEND, LLC, an Oregon Limited Liability Corporation, Defendant—Appellee.**

**No. 06–35320.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed March 12, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Scott N. Hunt, Esq., Busse and Hunt, Portland, OR, for Plaintiff–Appellant.

Richard N. Van Cleave, Esq., Barran Liebman, LLP, Portland, OR, for Defendant–Appellee.

Before: FERNANDEZ, BEA, Circuit Judges, and EZRA *, District Judge.

MEMORANDUM **

Deborah Wood ("Wood") appeals the district court's order granting summary judgment to her former employer, GCC Bend, LLC ("GCC"). Wood brought this action against GCC for: (1) age discrimination and retaliation for opposition to age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; (2) age discrimination and retaliation for opposition to age discrimination, in violation of Or.Rev.Stat. § 659A.030; and (3) common law wrongful constructive discharge, *see McGanty v. Staudenraus*, 321 Or. 532, 557, 901 P.2d 841, 856–57 (1995).

Wood worked as a senior advertising sales person at GCC's radio stations. Wood asserts that after she began to challenge GCC owner Jim Gross's efforts to hire a "younger, attractive, aggressive" sales force, she was demoted and subjected to such an embarrassing and stressful work environment such that she had no choice but to resign (*i.e.*, she was "constructively discharged").[1]

The district court granted GCC's motion for summary judgment to the extent Wood's claims were premised on both federal and state law constructive discharge.

In granting summary judgment to GCC on Wood's federal constructive discharge claims, the district court held Wood presented insufficient evidence to create an issue of fact that her working conditions were so intolerable that a reasonable person in her position would have felt she had no choice but to resign.

In granting summary judgment to GCC on Wood's Oregon law constructive discharge claims, the district court held: (1) the workplace embarrassment Wood experienced was not a change in the terms and conditions of employment that could support a finding of constructive discharge; and (2) the five-month lapse between Wood's claimed demotion and her resignation could not support the required finding of causation between the two events.

The district court denied GCC's motion for summary judgment on Wood's claims to the extent they were premised on her demotion (rather than constructive discharge) as the adverse employment action.

The parties sought and the district court entered a Stipulated Judgment of Dismissal, which dismissed with prejudice all of Wood's claims, to seek appellate review of

---

* The Honorable David Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the facts are known to the parties, we revisit them only as necessary.

the district court's decision regarding constructive discharge. On appeal, Wood challenges only the district court's holding that the evidence did not create a triable issue of fact as to whether GCC constructively discharged her.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1408 (9th Cir.1996), and we affirm.

The district court correctly held Wood's evidence fails to create an issue of fact that her working conditions were so intolerable a reasonable person in her position would have felt she had no choice but the resign. See *Penn. State Police v. Suders,* 542 U.S. 129, 141, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). Although Wood's work environment may have been unpleasant and stressful for her, the evidence does not meet the standard under federal law that her conditions were so "extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." See *Poland v. Chertoff,* 494 F.3d 1174, 1184 (9th Cir.2007).

Similarly, the evidence does not meet the requirement under Oregon constructive discharge law that she experience a concrete change in the terms and conditions of her employment that caused her to resign. Gross's embarrassment of Wood in the workplace is not a change in the terms and conditions of employment under Oregon law. See *Doe v. Denny's,* 327 Or. 354, 359, 963 P.2d 650 (1998). Although there was a factual issue as to whether Wood's reassignment amounted to a demotion, the five-month lapse between what Wood claimed to be a demotion and her

decision to resign defeats her claim of a causal relationship between the two events. See *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Moreover, Wood offered no evidence that GCC demoted her with an intent the demotion would cause Wood to resign. See *McGanty,* 321 Or. at 557, 901 P.2d at 856–57.

**AFFIRMED.**